**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case. No. 4:08cv992 (CAS) |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| CUSTOM TREE & LAWN SERVICE, INC. ) | |
| and JAY TURNER, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**PRELIMINARY ALLEGATIONS**

COMES NOW Plaintiff John Robinson, by attorney, and states the following for his preliminary allegations against Defendants:

1.      Plaintiff is an adult African-American citizen of the United States residing within the Eastern Division of the Eastern District of Missouri.

2.      Defendant Custom Tree & Lawn Service, Inc. (hereinafter "Custom Tree") is a Missouri corporation which, during all times relevant operated a lawn and garden service business within the County of St. Louis, State of Missouri, which is located within the Eastern Division of the Eastern District of Missouri.

3.      Defendant Jay Turner (hereinafter "Turner") is a sui juris citizen of the United States residing within the County of St. Louis, State of Missouri, which is located within the Eastern Division of the Eastern District of Missouri.

4.      From about Spring 2004 through about Spring, 2006, Plaintiff was employed by Custom Tree as a groundsman and tree trimmer within the Eastern Division of the Eastern District of Missouri.

1

5.     During times relevant, Turner has been an owner, proprietor and manager of Custom Tree.

6.     Material events and transactions underlying Plaintiff's claims occurred within the Eastern Division of the Eastern District of Missouri.

### COUNT I:  RACE DISCRIMINATION AND RACIAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981 - CUSTOM TREE

Comes now Plaintiff, by attorney, and for Count I of his First Amended Complaint against Custom Tree states as follows:

7.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1331.

9.     During Plaintiff's employment by Custom Tree, that entity subjected Plaintiff to unwelcomed and offensive racial actions and statements which created an offensive, hostile and intimidating work environment based on Plaintiff's race.

10.    Such actions were sufficiently severe and / or pervasive that a reasonable person would find Plaintiff's work environment to be hostile and / or abusive.

11.    At the time such actions occurred, and as a result of such actions, Plaintiff believed his work environment to be hostile and abusive.

12.    Custom Tree's actions violated Plaintiff's rights to make and enforce contracts and to enjoy the full and equal benefit of the laws as enjoyed by white citizens.

13.    Custom Tree's conduct violated Plaintiff's rights under 42 U.S.C. Sec. 1981(a).

14.    As a direct result of Custom Tree's unlawful conduct, Plaintiff has been damaged in the form of emotional distress and humiliation.

15.    Custom Tree's actions were intentional, willful, knowing, wanton, malicious, and

in flagrant disregard for the rights of Plaintiff, and therefore entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count I of his First Amended Complaint, Plaintiff prays this Court enter its order, judgment and decree awarding him:

a) relief making Plaintiff whole for the harm caused, including an order to pay Plaintiff such sums as are just and reasonable as additional compensatory damages, including damages for emotional distress and humiliation;

b) punitive damages in such amounts as to punish and deter Custom Tree and others from like conduct;

c) costs of litigation and a reasonable sum as and for attorney's fees;

d) pre-judgment interest; and

e) such other equitable and further relief as this Court deems just and proper.

## COUNT II:  CONSTRUCTIVE DISCHARGE
## IN VIOLATION OF 42 U.S.C. § 1981 - CUSTOM TREE

Comes now Plaintiff, by attorney, and for Count II of his First Amended Complaint against Custom Tree states as follows:

16. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17. Plaintiff invokes the jurisdiction of this Court over Count II pursuant to 28 U.S.C. § 1331.

18. Custom Tree terminated Plaintiff's employment based on Plaintiff's race and / or his complaints of offensive racial conduct.

19. Custom Tree thereby violated Plaintiff's rights to make and enforce contracts and to enjoy the full and equal benefit of the laws as enjoyed by white citizens.

20. Custom Tree's conduct violated Plaintiff's rights under 42 U.S.C. § 1981(a).

21. As a direct result of Custom Tree's unlawful employment action, as aforesaid, Plaintiff has been damaged in the form of lost wages and benefits, diminished employment status, emotional distress and humiliation.

22. Custom Tree's actions were intentional, willful, knowing, wanton, malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count II of his First Amended Complaint, Plaintiff prays this Court enter its order, judgment and decree awarding him:

a) reinstatement to his former position with Custom Tree;

b) lost wages and benefits with interest that he would have earned on the lost wages and benefits;

c) a reasonable sum as and for equitable front pay in the event the Court determines that reinstatement to Plaintiff's former position is impractical;

d) relief making Plaintiff whole for the harm caused, including an order to pay Plaintiff such sums as are just and reasonable as additional compensatory damages, including damages for emotional distress and humiliation;

e) punitive damages in such amounts as to punish and deter Custom Tree and others from like conduct;

f) costs of litigation and a reasonable sum as and for attorney's fees;

g) pre-judgment interest; and

h) such other equitable and further relief as this Court deems just and proper.

### COUNT III: RACE DISCRIMINATION AND RACIAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981 - JAY TURNER

Comes now Plaintiff, by attorney, and for Count III of his First Amended Complaint against Turner states as follows:

23. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1331.

25. During Plaintiff's employment by Custom Tree, Turner was personally involved in the discrimination and harassment upon Plaintiff and Turner intentionally caused Custom Tree to infringe on Plaintiffs rights under 42 U.S.C. § 1981.

26. Alternatively, Turner authorized, directed or participated in the alleged discriminatory and harassing conduct.

27. Turner's actions violated Plaintiff's rights to make and enforce contracts and to enjoy the full and equal benefit of the laws as enjoyed by white citizens.

28. Turner's conduct violated Plaintiff's rights under 42 U.S.C. Sec. 1981(a).

29. As a direct result of Turner's unlawful conduct, Plaintiff has been damaged in the form of emotional distress and humiliation.

30. Turner's actions were intentional, willful, knowing, wanton, malicious, and in flagrant disregard for the rights of Plaintiff, and therefore entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count III of his First Amended Complaint, Plaintiff prays this Court enter its order, judgment and decree awarding him:

a) lost wages and benefits with interest that he would have earned on the lost wages and benefits;

    b)     a reasonable sum as and for equitable front pay in the event the Court determines that reinstatement to Plaintiff's former position is impractical;

    c)     relief making Plaintiff whole for the harm caused, including an order to pay Plaintiff such sums as are just and reasonable as additional compensatory damages, including damages for emotional distress and humiliation;

    d)     punitive damages in such amounts as to punish and deter Custom Tree and others from like conduct;

    e)     costs of litigation and a reasonable sum as and for attorney's fees;

    f)     pre-judgment interest; and

    g)     such other equitable and further relief as this Court deems just and proper.

    Respectfully submitted,

    WEINHAUS & POTASHNICK
    /s Mark Potashnick
    Mark Potashnick, E.D.MO # 35970
    11500 Olive Blvd., Suite 133
    St. Louis, Missouri  63141
    Telephone: (314) 997-9150
    Facsimile: (314) 997-9170

    Attorney for Plaintiff John Robinson