UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ROBINSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 4:08CV00992 |
| vs. ) | |
| ) | |
| CUSTOM TREE & LAWN SERVICE, INC.) | |
| ) | |
|     Defendant. ) | |

## DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES

## TO PLAINTIFF'S PETITION

Defendants Custom Tree & Lawn Service, Inc., (hereinafter "Custom Tree") and Jay Turner by its undersigned attorneys, hereby answers Plaintiff's Second Amended Complaint for Damages as follows:

1. Custom Tree & Lawn Service, Inc. is without knowledge or information sufficient to admit or deny the allegation in Paragraph 1 of the Second Amended Complaint for Damages, and therefore denies the same.

2. Custom Tree & Lawn Service, Inc. admits the allegations in Paragraph 2, of the Second Amended Complaint for Damages.

3. Defendant admits the allegations in Paragraph 3 of the Second Amended Complaint for Damages.

4. Defendant, Custom Tree admits Plaintiff was employed; however, denies the remainder of the allegation in paragraph 4 of the Second Amended Complaint for Damages.

5. Defendant, Jay Turner admits he is the owner, proprietor and manager fo Custom Tree and Lawn Service, Inc. but denies the remainder of the allegation in paragraph 5 of the Second Amended Complaint for Damages

6. The allegations in paragraph 6 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant Custom Tree and Defendant, Jay Turner deny the allegations in paragraph 6 of the Second Amended Complaint for Damages..

## ANSWER TO COUNT 1: RACE DISCRIMINATION AND RACIAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981

Comes now Defendant, by attorneys, and for Count 1 of his Answer states as follows:

7. No response necessary.

8. The allegations in Paragraph 8. of the Petition state legal conclusions to which no response is required. To the extent a response is required, Defendant states that it does not contest jurisdiction in this action. Except as so stated Defendant denies the allegations of Paragraph 8 of the Second amended Complaint for Damages.

9. Defendant denies the allegations in Paragraph 9 of the Second Amended Complaint for Damages..

10. The allegations in Paragraph 10 of the Petition state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 10 of the Second Amended Complaint for Damages..

11. Defendant is without knowledge or information sufficient to admit or deny the allegation in Paragraph 11 of the Second Amended Complaint for Damages and therefore denies the same.

12. Defendant denies the allegations in Paragraph 12 of the Second Amended Complaint for Damages.

13. The allegations of Paragraph 13 of the Second Amended Complaint for Damages state legal conclusions to which no response is require. To the extent a response is required, Defendant states that it denies the allegations of Paragraph 13 of the Second Amended Complaint for Damages.

14. Defendant denies the allegations in Paragraph 14 of the Second Amended Complaint for Damages.

15. The allegations of Paragraph 15 of the Second Amended Complaint for Damages state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

WHEREFORE, having answered Count 1 of Plaintiff's Second Amended Complaint for Damages, Defendant respectfully request that this Court dismiss Count 1 of Plaintiff's Second Amended Complaint for Damages with prejudice, that Defendant be awarded its costs and expenses incurred herein, and for any further relief as this Court deems just and proper.

## ANSWER TO COUNT II: CONSTRUCTIVE DISCHARGE

## IN VIOLATION OF 42 U.S.C. § 1981

Comes now Defendant by its undersigned attorneys, hereby answers Plaintiff's Petition for Damages as follows:

16. No response required.

17. The allegations of Paragraph 17 of the Second Amended Complaint for Damages state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 17, of the Second Amended Complaint for Damages.

18. Defendant denies the allegations in Paragraph 18 of the Second Amended Complaint for Damages.

19. Defendant denies the allegations in Paragraph 19 of the Second Amended Complaint for Damages..

20. The allegations of Paragraph 20 of the Second Amended Complaint for Damages state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 20 of the Second Amended Complaint for Damages.

21. The allegations of Paragraph 21 of the Second Amended Complaint for Damages state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 21 of the Second Amended Complaint for Damages..

22. The allegations in Paragraph 22 of the Second Amended Complaint for Damages state legal conclusions to which no response is required. To the extent a

response is required, Defendant denies the allegations of Paragraph 22 of the Second Amended Complaint for Damages..

WHEREFORE, having answered Count II of Plaintiff's Second Amended Complaint for Damages, Defendant respectfully request that this Court dismiss Count 1 of Plaintiff's Second Amended Complaint for Damages with prejudice, that Defendant be awarded its costs and expenses incurred herein, and for any further relief as this Court deems just and proper.

## ANSWER TO COUNT III: RACE DISCRIMINATION AND RACIAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981 JAYTURNER

Comes now Defendant by its undersigned attorneys, hereby answers Plaintiff's Second Amended Complaint for Damages as follows:

23. No response necessary.

24. The allegations in paragraph 24 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 24 of the Second Amended complaint for Damages.

25. The allegations in paragraph 25 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 25 of the Second Amended Complaint for Damages.

26. The allegations in paragraph 26 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a

response is required, Defendant, Jay Turner denies the allegations in paragraph 26 of the Second Amended Complaint for Damages.

27. The allegations in paragraph 27 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 27 of the Second Amended Complaint for Damages.

28. The allegations in paragraph 28 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 28 of the Second Amended Complaint for Damages.

29. The allegations in paragraph 29 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 29 of the Second Amended Complaint for Damages.

30. The allegations in paragraph 30 of the Second Amended Complaint for Damages state a legal conclusion to which no response is required. To the extent a response is required, Defendant, Jay Turner denies the allegations in paragraph 30 of the Second Amended Complaint for Damages.

WHEREFORE, having answered Count III of Plaintiff's Second Amended Complaint for Damages, Defendant, Jay Turner respectfully requests that this Court dismiss Count III of Plaintiff's Second Amended Complaint for Damages with prejudice, that Defendant, Jay Turner be awarded its costs and expenses incurred herein, and for any further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, Custom Tree and Lawn Service, Inc. by and through its attorneys, for its affirmative defenses to Plaintiff's Petition state as follows:

### FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff is barred from recovery here be reason of the fact that the Second Amended Complaint for Damages was timely filed.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff is barred from recovery herein by reason of the fact that the Second Amended Complaint for Damages, and each and every claim for relief thereof, fails to state a claim upon which relief can be granted against Custom Tree and Lawn Service, Inc.

### THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

The Missouri Commission on Human Rights has not issued a letter to Plaintiff indicating his right to bring a civil action against Custom Tree and Lawn Service, Inc.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff failed to mitigate his alleged damages, thereby precluding or reducing his right of recovery, if any, from Custom Tree and Lawn Service, Inc.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff engaged in conduct and activities sufficient to constitute a waiver and /or a release of any and all claims that Plaintiff may have against Custom Tree and Lawn Service, Inc. arising from the transactions and occurrences set forth in the Second Amended for Damages.

## SIXTH AFFIRMATIVE DEFENSE

(Full Performance by Defendants)

Custom Tree and Lawn Service, Inc. has appropriately, completely and fully performed and discharged any and all obligations legal duties arising out of the matters alleged in the Second Amended Complaint for Damages..

Respectfully Submitted,

SHAPIRO, SPAETH & SAUER, LLC

By: _____
Devin A. Sauer #70735
Attorney for Defendant
7777 Bonhomme, Suite 1600
Clayton, Missouri 63105
(314) 721-5224 (telephone)
(314) 863-0720 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via first-class U.S. mail, postage prepaid, to: Mr. Mark Potashnick, Weinhaus & Potashnick, Attorney for Plaintiff, John Robinson, 11500 Olive Boulevard, Suite 133, St.

Louis, MO 63141 and Larry S. Fields, Fields and Associates, St. Louis Union Station, 1000 Grand Central, Suite 101, St. Louis, MO 63102, this 17th day of November, 2008.

---