# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-992 CAS |
| ) | |
| CUSTOM TREE & LAWN SERVICE, INC. ) | |
| and JAY TURNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER AWARDING ATTORNEYS' FEES

This closed matter is before the Court on plaintiff's Motion for Attorneys' Fees as a prevailing party under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, seeking attorneys' fees of $132,095.00 and expert witness fees of $560.00. Defendants have not opposed the motion.

**Discussion**

Under 42 U.S.C. § 1988, prevailing parties in § 1981 actions are entitled, at the district court's discretion, to attorneys' fees. St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo., 96 F.3d 323, 330 (8th Cir. 1996). "A prevailing party ordinarily is to be awarded attorneys' fees in all but special circumstances." Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 417 (1978). In civil rights cases, the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). As a general proposition, a reasonable hourly rate is one that corresponds to the prevailing market

rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The party seeking fees must submit evidence to support the hours worked and the rate claimed.

The Court has broad discretion in determining the amount of a reasonable attorney's fee. Hensley, 461 U.S. at 437. The Court is obligated to provide a "concise but clear explanation" of its reasons for a fee award. McCurry v. Tesch, 824 F.2d 638, 642 (8th Cir. 1987). In determining the amount of fees, the Court is to consider twelve factors:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3; Winter v. Cerro Gordo Country Conservation Bd., 925 F.2d 1069, 1074 n.8 (8th Cir. 1991). The Court starts its calculation with the "lodestar," the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991). The foregoing factors are subsumed within the lodestar. Attorney hours which were not "reasonably expended," i.e., that are excessive, redundant or otherwise unnecessary, are to be excluded from the lodestar. Id. at 434. Once the initial product of reasonable hours times a reasonable rate is obtained, a court may adjust the fee upward or downward.

In this case, plaintiff seeks a fee award based on hourly charges of $300.00 by his attorney Mark Potashnick for 348.7 hours worked; hourly charges of $225.00 by his attorney Todd West for 66.9 hours worked; hourly charges of $120.00 by associate Ilya Ruvinskiy for 60.7 hours worked;

and hourly charges of $90.00 by paralegal Jennifer Potashnick for 57.2 hours worked. Although plaintiff has analyzed each of the twelve Hensley factors in support of his fee award, the Court finds this hourly rate should be reduced based on five of the factors enumerated in Hensley: (1) the novelty and difficulty of the questions; (2) the skill requisite to perform the legal service properly; (3) time limitations imposed by the client or circumstances; (4) the "undesirability" of the case; and (5) awards in similar cases.

Plaintiff's four-page complaint was filed in two counts: (1) racial discrimination and racial harassment in violation of 42 U.S.C. § 1981, and (2) constructive discharge in violation of 42 U.S.C. § 1981. The factual allegations underlying the complaint involved egregious racial discrimination and harassment, to an extent likely shocking to many jurors. These allegations included repeated use of racial epithets by owners and managers of the company, and an African-American doll hanged in effigy in the workplace. Plaintiff also presented evidence of multiple complaints to ownership and management. Based on the factual allegations, there was a good probability of a substantial punitive damages award. The case would have been "desirable" to any employment attorney. The legal questions presented were neither novel or difficult, and extensive expertise in the field of employment discrimination law was not required for this case. The case proceeded pursuant to the Case Management Order, with no extensions being requested. Any time limitations imposed by the client or circumstances would have been ordinary. Other than the filing of discovery motions, counsel engaged in no motion practice.

The Court notes that for the first year this case was pending, Mr. Potashnick was the only person entering time on the file. A significant amount of the time expended was for conversations, primarily with his client, and performing clerical duties, e.g., sending documents to a process server,

electronic case filing, calling copy service, reviewing copy service order, organizing file, mailing documents to opposing counsel, etc. These clerical duties were later performed by an associate attorney or a paralegal at the firm. While the Court commends counsel on the result obtained for his client, the Court concludes that in this case an hourly fee of $250.00 is appropriate for Mr. Potashnick.[1] For these same reasons, the Court concludes that an hourly fee of $200.00 is appropriate for Mr. West.

The Court now examines the reasonableness of the hours expended as shown in the documentation submitted in support of the fee request. The Court finds counsel's billing statements detailed and precise. The Court has not found any instances of excessive, redundant, or otherwise unnecessary work. The attorney hours were reasonably expended and do not reflect any "over-lawyering." The Court will disallow, however, compensation for hours spent researching and drafting the instant motion for attorneys' fees. Counsel seeks $4,317.00 in fees for preparing this motion. This time will be subtracted from the fee award. See Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1074 (8th Cir. 1991) (finding no abuse of discretion in denying fee payment for post verdict fee application).

Therefore, the Court will award plaintiff his attorneys' fees at the rate of $250.00 per hour for Mr. Potashnick; $200 per hour for Mr. West; $120.00 per hour for Ms. Ruvinskiy; and $90 per

---

[1]In two prior employment discrimination cases, this Court awarded a $250.00 rate to an employment attorney with similar experience to Mr. Potashnick and a $250.00 rate to an employment attorney who had more experience than Mr. Potashnick. See Finan v. Good Earth Tools, Inc., 2008 U.S. Dist. LEXIS 32580 at *41 (E.D. Mo. Apr. 21, 2008); Katoch v. Mediz/PRN Life Support Servs., 2007 U.S. Dist. LEXIS 61907 (E.D. Mo. Aug. 22, 2007). In Finan, the attorney had 14 years experience, and stated she had "similar education and experience [as] Mark Potashnick," graduated law school with Mr. Potashnick, and practiced in the area of employment law. Finan, 4:06-CV-878 CAS; Doc. 80-1. In Katoch, the attorney had over 23 years of legal experience in state and federal trial and appellate courts.

hour for Ms. Potashnick. The Court will subtract from the fee award the time spent researching and preparing the instant motion for attorneys' fees. The total hours approved for Mr. Potashnick are 337.6; the total hours approved for Mr. West are 66.9; the total hours approved for Ms. Ruvinskiy are 60.7; and the total hours approved for Ms. Potashnick are 45.9. The total attorneys' fee award is $109,195.00. Plaintiff is also entitled to his expert witness fee of $560.00. See 42 U.S.C. 1988(e) ("In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of [42 USCS. §§ 1981 or 1981a], the court, in its discretion, may include expert fees as part of the attorney's fee.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Attorney's Fees is **GRANTED** to the extent that plaintiff is awarded attorneys' fees in the amount of One Hundred Nine Thousand, One Hundred Ninety-Five Dollars ($109,195.00), and expert fees in the amount of Five Hundred Sixty Dollars ($560.00). [Doc. 101]

**IT IS FURTHER ORDERED** that the Judgment entered in this matter on March 18, 2010 is **modified** to the extent that plaintiff shall also have judgment against defendants Custom Tree & Lawn Service, Inc. and Jay Turner for attorneys' fees in the amount of One Hundred Nine Thousand, One Hundred Ninety-Five Dollars ($109,195.00), and expert fees in the amount of Five Hundred Sixty Dollars ($560.00). [Doc. 97]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of August, 2010.