UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CV-992 CAS |
| v. ) | |
| ) | |
| CUSTOM TREE & LAWN SERVICE, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to hold Sharon Miller liable for the unsatisfied portion of plaintiff's judgment against defendant Custom Tree & Lawn Service, Inc. ("Custom Tree & Lawn") based on garnishment evasion or, in the alternative, to pierce the corporate veil. No response to the motion has been filed, and the time to do so has passed. For the following reasons, the Court will deny the motion.

**Background**

On July 7, 2008, plaintiff filed this action against defendant Custom Tree & Lawn and defendant Jay Turner, alleging racial harassment against both defendants (Counts I and III) and constructive termination against defendant Custom Tree & Lawn (Count II). The case was tried to a jury, and on March 17, 2010, the jury returned a verdict in favor of plaintiff on all three counts. As for damages, damages were assessed against Custom Tree & Lawn in the amount of $52,000.00, and against Jay Turner in the amount of $100,000.00. On August 26, 2010, the Court awarded plaintiff judgment against defendants for attorneys' fees and expert fees in the amount of $109,755.00.

Following the entry of judgment on March 18, 2010 (Doc. 97), plaintiff issued several writs of garnishment on the assets of defendant Custom Tree & Lawn and defendant Jay Turner. On July 21, 2010, plaintiff filed a notification of an assignment of judgment (Doc. 138). Plaintiff notified the Court that he had assigned all of his rights and interest in the March 18, 2010 judgment against defendant Jay Turner to Old Republic National Title Insurance Company ("Old Republic").[1] Old Republic has filed several applications for writs of garnishment and several writs of garnishment have been issued upon the assets of judgment debtor Jay Turner.

Plaintiff states that $55,000.00 of the judgment remains unsatisfied. Old Republic has taken the deposition of Ms. Shannon Miller, the treasurer of defendant Custom Tree & Lawn. During the deposition, Ms. Miller stated that the company opened a Bank of America checking account after its Commerce Bank checking account was garnished in this action. She stated that the company needed an account to cash checks written to the company. When questioned whether the Bank of America account was opened to avoid the effects of the garnishment on the Commerce Bank account, Ms. Miller said that it was.

Plaintiff's motion seeks to hold Ms. Miller personally liable for the remaining $55,000.00 judgment. Plaintiff advances two legal theories on which to hold Ms. Miller liable: (1) she hindered, delayed and obstructed the enforcement of the judgment; and (2) the Court should pierce the corporate veil of Custom Tree & Lawn to hold Ms. Miller liable. Because neither theory is supported by controlling precedent, the Court will deny the motion.

---

[1] The assignment was likely limited to the $100,000 judgment against defendant Jay Turner, as the Court had not yet awarded plaintiff his attorneys' fees and costs.

**Discussion**

Plaintiff first argues that because Ms. Miller, as treasurer of Custom Tree & Lawn, participated in opening of the Bank of America account and because she knew of the garnishment of the Commerce Bank account, she perpetrated a fraud against plaintiff and should be held personally liable for the $55,000.00 remaining judgment. In support of this argument, plaintiff cites to a case in which a garnishee bank was held liable to a judgment creditor where the bank incorrectly allowed the judgment debtor to withdraw all of the funds from the garnished account. See Capital One Bank v. Edison Credit Union, 299 S.W.3d 662 (Mo. Ct. App. 2009). Plaintiff also cites to a case in which the garnishee bank paid funds to a judgment debtor before an order quashing the garnishment was final for purposes of appeal. See Board of Regents for Sw. Mo. State Univ. v. Harriman, 857 S.W.2d 445, 451 (Mo. Ct. App. 1993). Neither case is relevant to the determination of whether a corporate officer of a judgment debtor, as opposed to a garnishee bank, can be held personally liable to a judgment creditor for hindering collection of a judgment.

Plaintiff also cites a case in which a judgment debtor sued a judgment creditor's attorney for fraud arising out of the attorney's obstruction of the enforcement of a judgment. See Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3rd Cir. 2003) (holding plaintiff stated a claim for creditor fraud against attorney who intentionally participated in a client's unlawful obstruction of the enforcement of a judgment). Again, this case is not on point, as plaintiff is not seeking to bring a state law action of creditor fraud against Ms. Miller, but instead seeks to collect from her personally through this supplementary proceeding the uncollected portion of a judgment entered against Custom Tree & Lawn. Finally, plaintiff cites two antiquated cases, In re Collins, 75 F.2d 62, 64 (8th Cir. 1934), and Citizens' Bank of Hayti v. McElvain, 219 S.W.75 (Mo.

1920), which would support an argument that Ms. Miller acted with ill-intent, but do little to establish her liability for the uncollected judgment.

Based on the deposition testimony of Ms. Miller, there is evidence that she participated in the opening of a new bank account on behalf of Custom Tree & Lawn after the company's bank account at Commerce Bank was garnished for payment of the judgment in this case. Plaintiff has presented no controlling law to support his position that this fact alone allows the Court to hold Ms. Miller personally liable for the unpaid $55,000.00 judgment in this supplementary proceeding. As such, plaintiff's motion to hold Ms. Miller liable based on garnishment evasion will be denied.

Alternatively, plaintiff asks the Court to pierce the corporate veil to hold Ms. Miller liable for the uncollected judgment. Under Missouri law, to disregard the existence of the corporate entity and hold the corporation's owners or members liable for the corporation's debt, a plaintiff must demonstrate the following:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and (2) [s]uch control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and (3) [t]he aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Hibbs v. Berger, 430 S.W.3d 296, 306-07 (Mo. Ct. App. 2014).

Here, plaintiff states that Ms. Miller served as Custom Tree & Lawn's treasurer, and had the ability to create bank accounts and disburse corporate assets. She participated in opening a new bank account at Bank of America after the corporation's bank account at Commerce Bank was garnished. Plaintiff has not shown the requisite control and complete domination of the corporation

sufficient to pierce the corporate veil of Custom Tree & Lawn and hold Ms. Miller liable for the corporation's debt.  The Court will deny plaintiff's motion to pierce the corporate veil.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to hold Sharon Miller liable based on garnishment evasion or, in the alternative, to pierce the corporate veil is **DENIED**.  [Doc. 203]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this    5th    day of August, 2014.